IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO: _____

REBECCA CURRIER,
f/k/a REBECCA TEETS,

    Plaintiff,
vs.

BC SERVICES OF LONGMONT, INC.,

    Defendant,
_____/

## COMPLAINT

Plaintiff, Rebecca Currier, f/k/a Rebecca Teets, hereby sues Defendant, BC Services of Longmont, Inc. for violations of the Fair Debt Collection Practices Act. In support thereof, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1) This is an action pursuant to 15 U.S.C. § 1692 *et seq.*, Fair Debt Collection Practices Act ("FDCPA") to recover actual damages, liquidated damages, and reasonable attorney's fees and costs.

2) Jurisdiction is conferred upon this Court by 28 U.S.C. §1331.

3) Venue is proper for the United States District Court for the Southern District of Florida as Defendant mailed multiple notices to Plaintiff at her residence in Palm Beach County and Defendant engages in business and has purposefully availed itself of the privilege of conducting business in the Southern District.

4) During all times relevant to this suit, Plaintiff resided and worked in the Southern District of Florida, is over 18 years of age and is otherwise *sui juris*.

## BACKGROUND FACTS

5) In August 2013, Plaintiff had twins, one boy and one girl, that were born premature.

6) The babies were treated in the Neonatology Intensive Care Unit ("NICU") at the hospital.

7) Unfortunately, after approximately two months, the baby girl passed away.

8) On March 14, 2014, after 198 days in the NICU, Plaintiff was able to take the baby boy home.

9) Plaintiff rented an oximeter from Apria Healthcare to monitor the baby's oxygen levels as well as his heart rate after bringing the baby home.

10) In late 2014, Plaintiff agreed to purchase the oximeter.

11) Plaintiff was told that the cost was $244.67.

12) In December 2014, Plaintiff mailed a check to Apria Healthcare.

13) On December 26, 2014, Apria Healthcare deposited the check.

14) In early 2015, Plaintiff received a collection notice from a company referring to itself as BC Services, Inc. claiming Plaintiff had an outstanding debt for this purchase in the amount of $244.67.

15) Plaintiff immediately faxed Defendant proof of payment in the form of the cancelled check.

16) Plaintiff verified receipt of the facsimile.

17) Defendant contacted Plaintiff multiple times regarding the outstanding balance despite receiving the proof of payment.

18) Plaintiff faxed them proof of payment multiple times since the initial collections

effort.

19) On July 28, 2015, Defendant mailed Plaintiff the most recent collections notice asserting the same outstanding balance.

20) On August 3, 2015, Plaintiff called Defendant and notified them that she had already paid the balance and had already sent them proof of payment.

21) As of the date of filing this Complaint, Defendant asserts that the balance of $244.67 remains outstanding despite multiple notices that the debt had been paid in full.

## COUNT ONE
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

22) Plaintiff, adopts, incorporates by reference, and re-asserts Paragraphs 1-21 above as though fully set forth herein.

23) Plaintiff is a consumer as defined by 15 U.S.C. § 1692(a)(3).

24) Defendant has engaged in collection activity arising from a consumer debt.

25) Defendant qualifies as a debt collector as defined by 15 U.S.C. §1692(a)(6).

26) Defendant violated Sections 1692(e)(2)(A) and 1692(f)(1) as it sought to collect a debt that has already been paid.

27) Defendant violated Section 1692(e)(14) as Defendant represents itself as BC Services, Inc. The business' true identity is BC Services of Longmont, Inc.

28) Defendant violated Section 1692(g)(a) & (b) by failing to comply with the verification debt requirements under the FDCPA.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, statutory damages, reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest and any further relief that the Court deems necessary.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

DATED:   August 21, 2015

PINCUS & CURRIER, LLP
*Counsel for Plaintiff*
324 North Lakeside Court
West Palm Beach, Florida 33407
Telephone:   561-868-1340
Facsimile:   561-366-1310
E-mail: rcurrier@wprclaw.com

By:   /s Romin N. Currier
      Romin N. Currier
      Florida Bar No. 566985